UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., <br>                    Plaintiffs, <br><br> -v- <br><br> E. SCOTT PRUITT, et al., <br>                    Defendants. | 18-CV-1030 (JPO) |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., <br>                    Plaintiffs, <br><br> -v- <br><br> ENVIRONMENTAL PROTECTION AGENCY, et al., <br>                    Defendants. | 18-CV-1048 (JPO) <br><br> OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

These two cases concern the definition of the phrase "waters of the United States" under the Clean Water Act. *New York v. Pruitt* is a suit by a group of states and the District of Columbia against the federal government. *Natural Resources Defense Council v. Environmental Protection Agency* is a suit by environmental groups against the federal government. Familiarity with the factual background of this litigation is presumed.

Before the Court are motions by a consortium of industry groups seeking to intervene as defendants in both cases. For the reasons that follow, the motions are granted.

**I.      Legal Standard**

There are two ways to intervene under Federal Rule of Civil Procedure 24: mandatory intervention and permissive intervention.

Mandatory intervention requires that the intervenor: "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001).

Permissive intervention is discretionary, and a court may allow intervention if the intervenor "has a claim or defense that shares with the main action a common question of law or fact" and intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). Among the factors considered by courts are "(1) the nature and extent of the intervenors' interests, (2) the degree to which those interests are adequately represented by other parties, and (3) whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Freydl v. Meringolo*, No. 09 Civ. 7196, 2012 WL 1883349, at *2 (S.D.N.Y. May 22, 2012) (quoting *Chevron Corp. v. Donziger*, 11 Civ. 0691, 2011 WL 2150450, at *5 (S.D.N.Y. May 31, 2011)).

**II.     Discussion**

The Court concludes that permissive intervention is appropriate here. First, the plaintiffs in both of these cases do not oppose intervention.[1]  Second, the industry groups have demonstrated a serious economic interest in the waters-of-the-United-States rule, as it regulates discharge into waterways. Third, the industry groups are actively litigating the rule in various courts, and the outcome of this case might affect the course of those cases. Fourth, though the

---

[1] Plaintiffs in 18 Civ. 1030 filed a letter stating that they do not oppose intervention. (*See* 18 Civ. 1030 Dkt. No. 47.) Plaintiffs in 18 Civ. 1048 have not filed an opposition to the motion to intervene.

industry groups are on the same side of the federal government here, they are adverse to the federal government in other cases relating to this rule. Thus, the industry groups might not be able to fully rely on the federal government to protect their interests. And fifth, allowing the industry groups to participate would not delay or prejudice the adjudication of these cases.

Accordingly, permissive intervention is appropriate here. The Court therefore need not decide whether the standards for mandatory intervention are satisfied.

### III.  Conclusion

For the foregoing reasons, the motions to intervene are GRANTED.

Plaintiffs' opposition briefs to the intervenors' motion to transfer shall be filed within fourteen days from the date of this order. The intervenors' reply brief, if any, shall be filed within seven days thereafter.

The Clerk of Court is directed to close the motions at 18 Civ. 1030 Dkt. No. 29 and 18 Civ. 1048 Dkt. No. 25.

SO ORDERED.

Dated: April 5, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge